**Terry JAMES, Plaintiff–Appellant**

v.

**Judge David C. GODBEY; Magistrate Judge Jeff Kaplan, Defendants–Appellees.**

**No. 14–10216**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 27, 2014.

Terry James, Dallas, TX, pro se.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Terry James moves for leave to proceed *in forma pauperis* ("IFP") in his appeal of the district court's denial of permission to sue Judge David Godbey and Magistrate Judge Jeff Kaplan. Mr. James wished to file a suit alleging that Judge Godbey and Magistrate Judge Kaplan violated his constitutional rights by sanctioning him. The district court determined that his suit was frivolous, denied permission to sue, and further denied Mr. James's application to proceed IFP on appeal.

By moving for IFP status, Mr. Jones is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997). We agree with the district court that Mr. Jones's appeal is not in good faith. "It is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings," *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir.1996), and Mr. Jones makes no argument that somehow judicial immunity should not apply here, *see, e.g., Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (noting exception to judicial immunity for acting in the "clear absence of all jurisdiction"). As such, because Judge Godbey and Magistrate Judge Kaplan clearly enjoy absolute immunity, Mr. Jones's suit is frivolous.

Because Mr. Jones has not shown his appeal involves legal points arguable on their merits, we DENY permission for leave to proceed IFP, and the appeal is DISMISSED as frivolous. *See, e.g., Baugh*, 117 F.3d at 202 & n. 24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983); 5th Cir. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.